UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GEOFFREY R. KAISER,

          Plaintiff,

v.

USAA LIFE INSURANCE COMPANY,

          Defendant.

24 Civ. 3409 (DEH)

**ORDER**

DALE E. HO, United States District Judge:

      This case arises out of a life insurance policy that Plaintiff Geoffrey Kaiser entered with USAA Life Insurance Company of New York ("USAA Life NY"). Kaiser filed a complaint against two parties—USAA Life NY, and USAA Life Insurance Company ("USAA Life"). ECF No. 1. Before the Court are: (1) Defendant USAA Life's Motion to Dismiss for lack of jurisdiction, ECF Nos. 17, 18 ("Def. Jdx. Mot."); (2) Defendant's Motion to Transfer Venue, ECF Nos. 22, 23 ("Def. Transfer Mot."); and (3) Plaintiff Geoffrey Kaiser's Cross Motion for Leave to File an Amended Complaint, *see* ECF Nos. 45, 46.[1] For the foregoing reasons, Defendant's motions to dismiss for lack of jurisdiction and to transfer venue are **DENIED,** and Plaintiff's motion for leave to file an amended complaint is **GRANTED**.

      USAA Life seeks to dismiss because it argues that this Court lacks personal jurisdiction over it and that venue is improper. It asserts this is the case because "USAA Life was never a party to the Policy" and "USAA Life and USAA Life NY [are] separate and distinct corporate entities." Def. Jdx. Mot. at 2–3; *see also id.* at 5 (asserting "[t]here is no question that USAA Life is not a party to the Policy" to argue lack of Article III standing); *id.* at 12 (stating "USAA Life

---

[1] Plaintiff labels this request as a request for leave to file a second amended complaint. However, this would be a request for leave to file a first amended complaint.

and USAA Life NY are separate legal entities" to argue lack of personal jurisdiction); *id.* at 16 (regarding venue "USAA Life NY may reside in New York, USAA Life does not"); Def. Transfer Mot. at 3–4 (restating similar assertions for motion to transfer).  USAA Life relies on the insufficiency of the original Complaint.  *See* Def. Jdx. Mot. at 3 ("Plaintiff's . . . allegations against USAA Life are limited to conclusory statements." (citing ECF No. 1, ¶ 5)).

**Motion to Dismiss.**  To survive a motion to dismiss for lack of personal jurisdiction, until discovery takes place, a plaintiff is "required to make only a prima facie showing that [a defendant] is amenable to personal jurisdiction in New York." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79 (2d Cir. 1993); *see also Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). "Eventually personal jurisdiction must be established by a preponderance of the evidence, either at an evidentiary hearing or at trial." *A.I. Trade*, 989 F.2d at 79.

"A parent corporation may be sued in New York when the relationship between the foreign parent and the local subsidiary validly suggests the existence of an agency relationship or the parent controls the subsidiary so completely that the subsidiary may be said to be simply a department of the parent." *Koehler*, 101 F.3d at 865.  "These tests require a fact-specific inquiry into the realities of the actual relationship between the parent and subsidiary." *Id.*  "Courts look to four factors . . . when determining whether a subsidiary is a 'mere department' of its foreign parent: '(1) common ownership, (2) financial dependency of the subsidiary on the parent corporation, (3) the degree to which the parent corporation interferes in the selection and assignment of the subsidiary's executive personnel and fails to observe corporate formalities, and (4) the degree of control over the marketing and operational policies of the subsidiary exercised by the parent.'" *Yousef v. Al Jazeera Media Network*, No. 16 Civ. 6416, 2018 WL 1665239, at *6

(S.D.N.Y. March 22, 2018).  Common ownership is essential, whereas the remainder "comprise a balancing test." *Id.*

Although the allegations in Plaintiff's original complaint were insufficient to establish that the relationship between USAA Life and USAA Life NY is that of a foreign parent and local subsidiary, Plaintiff seeks to address this deficiency with an amended complaint. Pl. Am. Compl. ¶¶ 52–60.  The Proposed Amended Complaint asserts that "USAA Life's top executives . . . serve as USAA Life's top executives"—including roles being shared for Brandon Carter as President, Jeff Tucker as Senior Vice President and Senior Financial Officer, and Shawn Loftus as Chief Actuary and Senior Vice President. *Id.* at ¶¶ 53–56.  It also asserts that the "day-to-day" operations of USAA Life NY are managed by Carter as member of the Executive Council and President of both USAA Life and USAA Life NY. *Id.* at ¶ 57.  USAA Life does not disclaim that it is a foreign corporate parent—it argues only that it does not have the kind of control that would be sufficient to subject it to personal jurisdiction in New York for the actions of USAA Life NY.  *See* Def. Jdx. Mot. 11–14.  Such assertions are highly fact-dependent and are inappropriate to resolve at the motion to dismiss stage.  Accordingly, because the Proposed Amended Complaint satisfies Plaintiff's prima facie burden to demonstrate that USAA Life is subject to personal jurisdiction in New York under an agency theory, the Court will grant Plaintiff leave to file his proposed amended complaint.  *See* Fed. R. Civ. P. 15(a)(2).  USAA Life's motion to dismiss for lack of personal jurisdiction is denied.

**Motion to Transfer.**  Next, USAA Life requests this case be transferred to the Western District of Texas—where USAA Life is headquartered and where witnesses are located.  *See generally* Def. Transfer Mot.  A district court may exercise its discretion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  Venue

transfers are discretionary and a "party requesting transfer carries the burden of making out a strong case for transfer." *New York Marine and General Ins. Co. v. Lafarge North Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (internal quotation marks omitted). "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *Id.* at 112 (internal quotation marks omitted).

Taken together, these factors weigh against transfer. Plaintiff is a resident of New York. Am. Compl. ¶ 7. Plaintiff alleges that the wrongful conduct he experienced as a result of the USAA Life NY insurance policy occurred in New York; that the alleged injuries were sustained in New York; and that "[a]ll relevant documentary discovery, as it relates to [Plaintiff], is located with USAA NY, and as a subsidiary whose New York business activities are directed and controlled by USAA Life any documents not physically in New York are easily accessed and produced in New York." Pl. Opp. to Mot. to Dismiss 18, ECF No. 47. USAA Life NY is a New York domestic insurance corporation with its principal place of business in New York; is only authorized to issue life insurance policies in New York; and is a wholly owned subsidiary of USAA Life. Def. Transfer Mot. 3.

USAA Life's arguments in favor of transfer—which rely primarily on the convenience of its witnesses and the location of *electronic* documents, *see* Def. Transfer Mot. 8–10—do not outweigh these factors. As noted, its alleged subsidiary USAA Life NY is a New York corporation located in New York—which supports Plaintiff's choice of forum in New York. And given the generally greater relative means of a corporation like USAA Life as compared to that of the

Plaintiff, the Court does not find transfer necessary for the convenience of the parties or in the interest of justice. Finally, the location of electronic documents—which can be moved with relative ease—is of limited significance. USAA Life's motion to transfer is therefore denied.

*     *     *

Plaintiff shall file the Amended Complaint by November 15, 2024. Defendants may file a new Motion to Dismiss in response to Plaintiff's Amended Complaint pursuant to the following schedule:

- Defendants shall submit one joint opening brief (no greater than 25 pages) in support of their motion to dismiss no later than December 6, 2024.[2]

- Plaintiff shall submit his opposition (no more than 25 pages) by December 20, 2024, or no more than two weeks after Defendants submit their opening brief—whichever date is first.

- Defendants shall submit their joint reply (no greater than 10 pages) by January 3, 2025, or no more than two weeks after Plaintiff submits his opposition brief—whichever date is first.

Defendant USAA Life's motion to dismiss for lack of jurisdiction, ECF No. 17, is **DENIED IN PART**; USAA Life's motion to motion to transfer, ECF No. 22, is **DENIED**; Plaintiff's motion for leave to amend, ECF No. 45, is **GRANTED**; and Defendant USAA Life NY's motion to dismiss, ECF No. 13, is **DENIED AS MOOT** and without prejudice. The Clerk of Court is respectfully directed to close all aforementioned docket entries.

SO ORDERED.

Dated: November 13, 2024
New York, New York

DALE E. HO
United States District Judge

---

[2] The defendants may choose to repackage and refile USAA Life NY's motion to dismiss, ECF No. 13, with minimal edits pursuant to this order—or they may choose to submit a new brief altogether.