**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEOFFREY R. KAISER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USAA LIFE INSURANCE COMPANY and USAA LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendants. | Case No. 1:24-cv-03409-DEH<br><br>Stipulated Protective Order |

For good cause shown under Federal Rule of Civil Procedure 26(c), the Court grants the parties' joint request for a protective order and enters the following protective order:

1. Scope. All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information or Highly Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible. The parties have also agreed that all documents produced in this case shall be used solely for purposes of the prosecution or defense of this action, and shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose. Nor shall such documents be used by a receiving party for any other litigation without the disclosing party's prior consent.

2. Definition of Confidential Information and Highly Confidential Information. As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents: (a) those containing trade secrets, competitively sensitive technical, marketing, financial, sales, or other confidential business information; (b) those containing private or confidential personal information; and (c) those containing information received in confidence from third parties, including, without limitation, information a party is required to maintain as confidential based on an existing contractual obligation. Information or documents that are available to the public may not be designated as Confidential Information. For purposes of this Order, "Highly Confidential Information" means sensitive or proprietary Confidential Information or items, the designation of which is limited to material satisfying at least one of the following criteria: (a) information which if disclosed to a receiving party would create a substantial risk of serious harm that could not be avoided by less restrictive means; or (b) information from a designating party or non-party that is competitively sensitive such that its disclosure to a receiving party could provide the receiving party with a material competitive advantage or otherwise cause a competitive disadvantage to the designating party or non-party.

3. Protected Health Information. Documents that may fall under the Health Insurance Portability and Accountability Act of 1996, Public Law 104-191 ("HIPAA"), which the parties believe in good faith constitute "individually identifiable health information" or

"protected health information" under HIPAA, or which are entitled to protection from public disclosure, shall be produced in accordance with this Order, designated Confidential, and deemed confidential information. All provisions of this Order regarding the treatment, use, storage, disclosure, and return/destruction of confidential information shall apply to and govern such information. This Order shall be deemed to meet the standards of a qualified protective order under HIPAA, 45 C.F.R. § 164.512(e)(v).

4. Form and Timing of Designation. The producing party may designate documents as containing Confidential Information or Highly Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or substantially similar text (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information or Highly Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information or Highly Confidential Information as

defined in this Order.

5. Inadvertent Failure to Designate. Inadvertent failure to designate any document or material as containing Confidential Information or Highly Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 14 days after discovery of the inadvertent failure.

6. Depositions. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected. Until that interim time has passed since receipt of any deposition transcript in this case, all testimony in that deposition will be treated, at minimum, as Confidential Information under this Order. Depositions taken in other cases are subject to any applicable confidentiality orders and corresponding designations in those cases. If portions of a deposition transcript are designated as Confidential Information or Highly Confidential Information under this Order, the transcript shall be appropriately marked.

7. Protection of Confidential Information or Highly Confidential Information.

a. General Protections. Designated Confidential Information or Highly Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

b. Who May View Designated Confidential Information. Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

i. The parties to this litigation, including any employees, agents, and representatives of the parties to whom it is reasonably necessary to disclose the information for this litigation;

ii. Counsel for the parties and employees and agents of counsel, who may use the Confidential Information only in the above-captioned case;

iii. The court and court personnel, including any special master appointed by the court, and members of the jury;

iv. Court reporters, recorders, and videographers engaged for depositions;

v. Any mediator appointed by the court or jointly selected by the parties;

vi. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

vii. Any potential, anticipated, or actual fact witness and his or her counsel, only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

viii. The author or recipient of the document (not including a person who received the document in the course of the litigation);

ix. Independent providers of document production, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

x. Other persons only upon consent of the producing party and on such conditions as the parties may agree or as ordered by the court.

c. Who May View Designated Highly Confidential Information. Except with the prior written consent of the designating party or prior order of the court, designated Highly Confidential Information may only be disclosed to the following persons:

i. Outside counsel of record for the parties who have appeared in this case and employees and agents of said outside counsel, who may use the Highly Confidential Information only in the above-captioned case;

ii. The court and court personnel, including any special master appointed by the court, and members of the jury;

iii. Court reporters, recorders, and videographers engaged for depositions;

iv. Any mediator appointed by the court or jointly selected by the parties;

v. Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

vi. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

vii. The author or recipient of the document (not including a person who received the document in the course of the litigation);

viii. Independent providers of document production, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

ix. Other persons only upon consent of the producing party and on such conditions as the parties may agree or as ordered by the court.

d. Control of Documents. The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information or Highly Confidential Information pursuant to the terms of this Order.

8. Filing Confidential Information or Highly Confidential Information**.** If a party seeks to file any document containing Confidential Information or Highly Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document in accordance with the court's standing order, 19-mc-00583, ECF Rules & Instructions, Section 6, and Section II.G.3 of this Court's Individual Practices; or (b) seeking permission to file the document under seal by filing a motion for leave to file under

seal in accordance with the court's standing order, 19-mc-583, ECF Rules & Instructions, Section 6, and Section II.G.3 of this Court's Individual Practices. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the court's requirements for filing under seal in light of the public's qualified right of access to court dockets. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

9. Challenging a Confidential Designation. The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. Before filing a motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

10. Use of Confidential Documents or Information at Trial or Hearing. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information or Highly Confidential Information at a hearing or trial must bring

that issue to the attention of the court and the other parties without disclosing the Confidential Information or Highly Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11. Obligations on Conclusion of Litigation.

a. Order Remains in Effect. Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

b. Return of Confidential Documents or Highly Confidential Documents. Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information or Highly Confidential Information, including copies as defined above, must be returned or destroyed if requested by opposing counsel unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party.

c. Retention of Work Product and Archival Copies. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information or Highly Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. Counsel may also retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, and consultant and expert work product. Any such archival copies that contain Confidential Information or Highly Confidential Information will also continue to be confidential under this Order.

12. Order Subject to Modification. This Order is subject to modification by the court on its own motion or on motion of any party or any person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

13. Enforcement of Protective Order. Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

14. No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

15. Persons Bound by Protective Order. This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

16. Applicability to Parties Later Joined. If additional persons or entities become

parties to this lawsuit, they must not be given access to any Confidential Information or Highly Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

17. Protections Extended to Third-Party Confidential Information or Highly Confidential Information. The parties agree to extend the provisions of this Protective Order to Confidential Information or Highly Confidential Information produced in this case by third parties pursuant to subpoena or otherwise, if timely requested by the third party.

18. Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation. If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order, and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Highly Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information,

and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information or Highly Confidential Information designated by the other party to this case.

19. Disclosure of Confidential Information or Highly Confidential Information Covered by Attorney-Client Privilege or Work Product. Pursuant to Fed. R. Evid. 502(d) and (e), the disclosure during discovery of any communication, information, or material that is protected by the attorney-client privilege or work-product protection, as defined by Fed. R. Evid. 502(g), shall not waive the privilege or protection in the above-captioned case, or any other federal or state proceeding, for either that communication, information, or material or the subject matter of the same, unless there is an intentional waiver of the privilege or protection to support an affirmative use of such communication, information, or material in support of the party's claim or defense, in which event the scope of any such waiver shall be determined by Fed. R. Evid. 502(a)(2) and (3). If the producing party becomes aware that it inadvertently produced material protected by the attorney-client privilege or work-product protection, the producing party must notify the receiving party within 30 days after the producing party becomes aware of such inadvertent production. Upon being notified of inadvertent production, or becoming aware of inadvertent production on its own accord, the receiving party shall immediately return, sequester, or destroy the inadvertently produced discovery material and all copies as well as notes, summaries, and/or work product reflecting the content of such material. If only a portion of the discovery material is privileged, the producing party shall immediately provide a new version of the discovery material in which

the privileged material has been redacted. No further use or disclosure shall be made of the inadvertently produced discovery material, and the receiving party shall take all reasonable and appropriate steps to retrieve and destroy the discovery material, and all copies, from any person who has received the discovery material through the receiving party.

**IT IS SO STIPULATED**, through Counsel of Record.

By: */s/ Emily K. Felix*
Darren M. Goldman
McDOWELL HETHERINGTON LLP
2385 NW Executive Center Drive
Suite 400
Boca Raton, Florida 33431
Telephone: (561) 449-2323
Facsimile: (561) 982-8985
E-mail: darren.goldman@mhllp.com

Amy B. Boyea*
E-mail: amy.boyea@mhllp.com
Emily K. Felix*
E-mail: emily.felix@mhllp.com
McDOWELL HETHERINGTON LLP
1000 Ballpark Way, Suite 209
Arlington, Texas 76011
Telephone: (817) 635-7300
Facsimile: (817) 635-7308

David T. McDowell*
E-mail: david.mcdowell@mhllp.com
Hutson B. Smelley*
E-mail: hutson.smelley@mhllp.com
McDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850

*Admitted *pro hac vice*

*Attorneys for Defendants USAA Life Insurance Company of New York and USAA Life Insurance Company*

By: */s/ Daniel J. Kaiser (with permission)*
Daniel J. Kaiser, Esq.
William H. Kaiser, Esq.
KAISER SAURBORN & MAIR, P.C.
30 Broad Street, 37th Floor
New York, New York 10004
(212) 338-9100

*Attorneys for Plaintiff Geoffrey R. Kaiser*

**The parties are apprised that the Court retains discretion as to whether to afford confidential treatment in its opinions and orders to information the parties have redacted, sealed, or designated as confidential. The Court also retains discretion to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.**

**It IS ORDERED** that the foregoing Agreement is approved.

Dated:__July 14, 2026

_______________________________
Hon. Dale E. Ho
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEOFFREY R. KAISER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>USAA LIFE INSURANCE COMPANY and USAA LIFE INSURANCE COMPANY OF NEW YORK,<br><br>Defendants. | Case No. 1:24-cv-03409-DEH<br><br><u>Acknowledgment and Agreement to Be Bound</u> |

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order dated ______________, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Order and understands that the terms of said Order obligate him/her to use discovery materials designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or substantially similar text, solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of Court.

Name: ________________________________

Job Title: ________________________________

Employer: ________________________________

Business Address: ________________________________

Date: ______________________ ______________________________
Signature